E-FILED
Monday, 25 March, 2019  09:08:52 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAN KAY GAYLORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-03196 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 18).  Magistrate Judge Schanzle-Haskins recommends that this Court (1) grant Plaintiff Jan Kay Gaylord's Motion for Summary Judgment (d/e 10), (2) deny Defendant's Motion for Summary Affirmance (d/e 15), and (3) reverse Defendant's decision that Plaintiff was not disabled under the Social Security Act and remand this case for further proceedings under 42 U.S.C. § 405(g), sentence four.  For the reasons set forth below, the Court ACCEPTS and ADOPTS the Report and Recommendation.

# I. LEGAL STANDARD

When a magistrate judge proposes factual findings and recommendations, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. The district court reviews de novo any part of a magistrate judge's report and recommendation to which a specific written objection has been made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999). Under the clear error standard, the district court can overrule a magistrate judge only if the district court "is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir. 1997).

# II. BACKGROUND

On November 5, 2018, Magistrate Judge Tom Schanzle-Haskins issued a Report and Recommendation in which he

determined that the administrative law judge (ALJ) in this case failed to adequately explain his treatment of the opinions of consultative physician Joseph J. Kozma, M.D., and consultative psychologist Fred Stelling, M.A., LCP. Magistrate Judge Schanzle-Haskins also determined that because Plaintiff did not object to the testimony of vocational expert Amy Kutschbach at the administrative hearing, Plaintiff had forfeited her argument that the ALJ failed to adequately respond to objections Plaintiff made in a post-hearing memorandum regarding Kutschbach's testimony.

On November 19, 2018, Plaintiff filed her Objection, in Part, to the Report and Recommendation of the Magistrate Judge (d/e 19), taking issue only with Magistrate Judge Schanzle-Haskins' finding of forfeiture as to Plaintiff's post-hearing objections to Kutschbach's testimony. Defendant did not file any objections to the Report and Recommendation.

The Court adopts the facts as presented by Magistrate Judge Schanzle-Haskins in the Report and Recommendation. Given the nature of Plaintiff's objection, the Court will forego a detailed recitation of the facts and instead discuss in its analysis the

relevant facts on which the Court relies in accepting and adopting the Report and Recommendation.

### III. ANALYSIS

A claimant seeking Social Security disability benefits forfeits arguments regarding a vocational expert's testimony if the claimant does not object to the testimony at the administrative hearing. Brown v. Colvin, 845 F.3d 247, 254 (7th Cir. 2016); Liskowitz v. Astrue, 559 F.3d 736, 744 (7th Cir. 2009).

Vocational expert Amy Kutschbach testified at the administrative hearing conducted by the ALJ on May 12, 2016. See R. 76-80. Plaintiff's counsel stipulated to Kutschbach's qualifications as a vocational expert. R. 77. Plaintiff's counsel asked no questions of Kutschbach and did not object to any portion of Kutschbach's testimony during the hearing. See R. 80-81. But on June 1, 2016, Plaintiff submitted a post-hearing memorandum that set forth seven objections to Kutschbach's testimony. See R. 453-77.

On August 4, 2016, the ALJ issued his decision regarding Plaintiff's claim for Social Security disability benefits. See R. 18-36. The ALJ summarily denied Plaintiff's post-hearing objections to

Kutschbach's testimony.  R. 35.  In doing so, the ALJ noted that Plaintiff's counsel was present at the administrative hearing, stipulated to Kutschbach's qualifications, and was afforded the opportunity to cross-examine Kutschbach.  Id.  The ALJ also noted that Plaintiff's counsel had the opportunity to call a vocational expert to challenge Kutschbach's testimony but failed to do so.  Id.

Given these facts, Plaintiff forfeited any objections to Kutschbach's testimony.  Plaintiff would have the Court interpret Brown and Liskowitz as standing for the proposition that a claimant forfeits an objection to the testimony of a vocational expert only if the objection is not made at some point during the administrative proceedings.  See Objection (d/e 19), at 5-6.  But both cases are clear: a party must object to a vocational expert's testimony at the administrative hearing to avoid forfeiting that objection.  Brown, 845 F.3d at 254; Liskowitz, 559 F.3d at 744.  Given Plaintiff's forfeiture of all objections to Kutschbach's testimony, the ALJ did not err in summarily denying Plaintiff's post-hearing objections to that testimony.

In reviewing the remainder of Magistrate Judge Schanzle-Haskins' Report and Recommendation for clear error, the Court is

not left with a "definite and firm conviction that a mistake has been made." Weeks, 126 F.3d at 943.

## IV. CONCLUSION

For the reasons stated, it is ORDERED:

**(1) Plaintiff Jan Kay Gaylord's Objection, in Part, to the Report and Recommendation of the Magistrate Judge (d/e 19) is OVERRULED.**

**(2) The Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 18) is ACCEPTED and ADOPTED.**

**(3) Plaintiff's Motion for Summary Judgment (d/e 10) is GRANTED.**

**(4) Defendant's Motion for Summary Affirmance (d/e 15) is DENIED.**

**(5) Defendant's decision that Plaintiff was not disabled under the Social Security Act is REVERSED, and this matter is REMANDED for further proceedings under 42 U.S.C. § 405(g), sentence four.**

**(6) THIS CASE IS CLOSED.**

ENTER:  March 22, 2019

                                        */s/ Sue E. Myerscough*
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE